**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONVERGEONE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00992-MTS |
| | ) | |
| STEPHEN WILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before this Court is Plaintiff ConvergeOne's ("C1") Motions to Seal Exhibits, Docs. [49], [52], and [65], as well as Defendants Mike Schnettgoecke and Logicalis, Inc.'s ("Logicalis") Motion to Seal Exhibits, Doc. [70]. For the reasons stated herein, this Court will grant Plaintiff's Motions to Seal, Docs. [49] and [52], in part, grant Plaintiff's Motion to Seal, Doc. [65], in full, and grant Defendants' Motion to Seal, Doc. [70], in full.

## I. Background

This Court is asked to consider four motions to seal, three filed by Plaintiff and one filed by Defendants Mike Schnettgoecke and Logicalis.

A. Plaintiff's Motion to File Under Seal, Doc. [49].

Plaintiff's Motion seeks to seal certain exhibits attached to their Memorandum in Support of Their Amended Motion for a Preliminary Injunction Against Defendants Wiley and Logicalis. *See* Doc. [50]. The exhibits are as follows:

i. Exhibit 2. A "video conference meeting invitation from . . . Logicalis['s] Regional Vice President[] to Stephen Wiley and Michael Schnettgoecke . . . ." Doc. [50-1]; description in Doc. [49] at 2.

ii. Exhibit 4. "[Q]uotes for products services provided from Logicalis to a customer." Doc. [50-2]; description in Doc. [49] at 2.

iii. Exhibit 6. "[E]mails involving [] Stephen Wiley, C1, Logicalis, and a customer [] relat[ing] to licensing, contracts, and/or projects for the customer." Doc. [50-3]; description in Doc. [49] at 2.

Plaintiff makes no argument that Exhibit 2 is confidential but merely includes it out of an "abundance of caution." Doc. [49] at 2.

B. Plaintiff's Motion to File Under Seal, Doc. [52]

Plaintiff's Motion seeks to seal portions of their Memorandum in Support of a Preliminary Injunction Against Defendants Schnettgoecke and Logicalis. *See* Doc. [53]. The exhibits are as follows:

i. Exhibit 1. "[E]mails between Mike Schnettgoecke and . . . a Regional Vice President for Logicalis, regarding Logicalis commission structure." Doc. [53-1]; description in Doc. [52] at 2.

ii. Exhibit 2. A "video conference meeting invitation from . . . Logicalis['s] Regional Vice President[] to Stephen Wiley and Mike Schnettgoecke . . . ." Doc. [53-2]; description in Doc. [52] at 2.

iii. Exhibit 3. "[A]n offer letter from Logicalis to Schnettgoecke . . . ." Doc. [53-3]; description in Doc. [52] at 3.

iv. Exhibit 4. "Schnettgoecke's signed offer letter with Logicalis . . . ." Doc. [53-4]; description in Doc. [52] at 3.

v. Exhibit 5. "[W]elcome emails from Logicalis to Schnettgoecke . . . ." Doc. [53-5]; description in Doc. [52] at 3.

vi. Exhibit 6. "[Q]uotes from Schnettgoecke to a customer . . . ." Doc. [53-6]; description in Doc. [52] at 3.

vii. Exhibit 7. "[A]n email from Schnettgoecke to a customer introducing the customer to Logicalis . . . ." Doc. [53-7]; description in Doc. [52] at 4.

viii. Exhibit 8. "[A] video conference meeting invitation from Schnettgoecke to [a] customer . . . ." Doc. [53-8]; description in Doc. [52] at 4.

ix. Exhibit 9. "[A]n email . . . to Schnettgoecke with [an] invitation to edit a Word Document containing an RFP from a customer . . . ." Doc. [53-9]; description in Doc. [52] at 4.

x. Exhibit 10. "[A]n email . . . to Schnettgoecke with [an] invitation to edit a customer folder . . . ." Doc. [53-10]; description in Doc. [52] at 4.

xi. Exhibit 11. "[A] customer account coverage email between Logicalis employees . . . ." Doc. [53-11]; description in Doc. [52] at 4.

xii. Exhibit 12. "[A] customer account bonus email between Logicalis employees . . . ." Doc. [53-12]; description in Doc. [52] at 4.

Plaintiff makes no argument that Exhibits 2, 3, 4, or 5 are confidential, but merely includes them out of an "abundance of caution." Doc. [52] at 2–3.

C. Plaintiff's Motion to File Under Seal, Doc. [65].

Plaintiff's Third Motion seeks to seal certain exhibits to their Memorandum in Support of a Temporary Restraining Order against Defendants Schnettgoecke and Logicalis. *See* Doc. [66]. The exhibits are as follows:

i. Exhibit 1. "[A]n email involving Defendant Mike Schnettgoecke, C1, Logicalis, and a customer that relates pricing, revenues, and/or projects for the customer." Doc. [66-1]; description in Doc. [65] at 2.

ii. Exhibit 2. "[A]n email involving Defendant Mike Schnettgoecke . . . that relates bonuses paid on an account for Schnettgoecke." Doc. [66-2]; description in Doc. [65] at 2.

D. Defendants' Motion to File Under Seal, Doc. [70].

Defendants Schnettgoecke and Logicalis's Motion seeks to seal Exhibit A, attached to their Memorandum in Opposition to Plaintiff's Motion for a Temporary Restraining Order. *See* Doc. [71]. Exhibit A is "a customer account bonus email between Logicalis employees . . . ." Doc. [71-1]; description in Doc. [70] at 2.

## II. Legal Standard

Local Rule 13.05 governs Sealing of Materials Filed in Civil and Criminal Cases. The rule establishes a presumption that the public has a right "to access material filed with the Court in civil and criminal cases." E.D. Mo. L.R. 13.05(A)(2). However, a party can move to seal "material and information lawfully kept confidential . . . ." *Id.* If a party properly moves to seal, the Court may rule on the motion "with or without a public hearing . . . ." *Id.* at 13.05(A)(4)(f).

## III. Application

A. Plaintiff's Motion to File Under Seal, Doc. [49].

Plaintiff moved to seal Exhibits 2, 4, and 6, but only argued that Exhibits 4 and 6 should be sealed. Doc. [49] at 2. As of this date, no Defendant has responded to Plaintiff's Motion with an argument that Exhibit 2 should be sealed. Therefore, in accord with Plaintiff's arguments, this

Court will not seal Plaintiff's Exhibit 2. Regarding Exhibits 4 and 6, with no objection to sealing from Defendants, this Court will seal the Exhibits.

B. Plaintiff's Motion to File Under Seal, Doc. [52].

Plaintiff moved to seal Exhibits 1–12, but only argued that Exhibits 1 and 6–12 should be sealed. Doc. [52] at 2–4. As of this date, no Defendant has responded to Plaintiff's Motion with an argument that Exhibits 2–5 should be sealed. Therefore, in accord with Plaintiff's arguments, this Court will not seal Plaintiff's Exhibits 2–5. Regarding Exhibits 1 and 6–12, with no objection to sealing from Defendants, this Court will seal the Exhibits.

C. Plaintiff's Motion to File Under Seal, Doc. [65].

Plaintiff moved to seal its Exhibits 1 and 2, and as of this date no Defendant has objected to sealing. Doc. [65] at 2. Therefore, in accord with Plaintiffs' arguments, this Court will seal the Exhibits.

D. Defendants' Motion to File Under Seal, Doc. [70].

Defendants Schnettgoecke and Logicalis moved to seal their Exhibit A, and as of this date Plaintiff has not objected to sealing. Doc. [70] at 2. Therefore, in accord with Defendants' arguments, this Court will seal the Exhibit.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sealing, Doc. [49], is **GRANTED** as to Exhibits 4 and 6, and **DENIED** as to Exhibit 2.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sealing, Doc. [52], is **GRANTED** as to Exhibits 1, 6, 7, 8, 9, 10, 11, and 12, and **DENIED** as to Exhibits 2, 3, 4, and 5.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sealing, Doc. [65], is **GRANTED**.

**IT IS FINALLY ORDERED** that Defendants Schnettgoecke and Logicalis's Motion for Sealing, Doc. [70], is **GRANTED**.

Dated this 21st day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE